RECEIVED
IN LAKE CHARLES, LA

FEB 16 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| HARRY K. CASTLE ET AL | : | DOCKET NO. 2:06 CV 2172 |
| V. | : | JUDGE MINALDI |
| UNITED NATIONAL INSURANCE COMPANY, ET AL. | : | MAGISTRATE JUDGE WILSON |

### REPORT AND RECOMMENDATION

Presently before the court is Plaintiffs' motion to remand. (Doc. 19).[1] It has been referred to the undersigned magistrate judge for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Plaintiffs are seeking to recover insurance benefits related to damages to their property which damages were caused by Hurricane Rita. The defendants are the plaintiffs' commercial property insurance carrier, United National Insurance Company ("United"), and their agent/broker, Lyon Insurance Agency, Inc. ("Lyon") The suit was initially filed in the 14th Judicial District Court for Calcasieu Parish, Louisiana. United removed the case to this court pursuant to 28 U.S.C. § 1441 contending that this court has original diversity jurisdiction in accordance with 28 U.S.C. § 1332. (Doc. 2). Plaintiffs have filed the motion to remand that is now before the court pointing out that both Plaintiffs and Lyon are citizens of Louisiana so that

---

[1] This court issued an order notifying the parties that if, and only if, the court finds that Derbonne was improperly joined that a sua sponte summary judgment would be entered in his favor. (Doc. 22).

1

the complete diversity required for original jurisdiction is lacking. Defendants contend that Lyon's citizenship should be disregarded because, they claim, it has been fraudulently/improperly joined.[2]

## Improper Joinder

Once a case has been removed, the burden lies with the removing party to prove that the court has jurisdiction to decide the claim. *Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). One prerequisite to removal is that this court must have original jurisdiction. 28 U.S.C. § 1441(a). In some cases, including this one, there is an additional requirement for removal–that "none of the parties in interest, properly joined and served as defendants" is a citizen of the forum state. 28 U.S.C. § 1441(b). If removal is based on the claim that non-diverse parties have been improperly joined, then the removing party must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*), *cert. denied by, Illinois Cent. R. Co. v. Smallwood*, ___ U.S. ___, 125 S.Ct. 1825 (4/18/2005)(citing, *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). In the case *sub judice*, there are no allegations of actual fraud. Accordingly, our focus is the second basis for improper joinder. *See, Travis, supra.*

The focus of the court's inquiry is on the joinder of the forum state citizen, not on the

---

[2] Traditionally the term "fraudulent joinder" has been used. The Fifth Circuit now also refers to "fraudulent joinder" as "improper joinder." See *Smallwood, infra* at 571 n.1. Obviously, this leads to some confusion. In this report and recommendation "fraudulent/improper joinder is used to refer to the traditional "fraudulent joinder."

2

merits of Plaintiff's case. *Smallwood, supra* at 573. In resolving this issue, we must determine whether the removing defendant has demonstrated that plaintiff has "no possibility of recovery" against the in-state/non-diverse defendant; *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state/non-diverse defendant. *Smallwood, supra.*

The court may resolve this issue in one of two ways:  1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the in-state/non-diverse defendant under state law (*i.e.* a Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra.* Ordinarily, if Plaintiff survives the 12(b)(6) analysis there is no improper joinder. *Id.* The "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id* at 573-74.[3] The motive or purpose for the joinder of the in-state defendant is irrelevant to this inquiry. *Id.* at 574. The court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra.* Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then diversity is not complete (and/or removal is improper), and remand is required. *Id.*

In this case Plaintiffs' take issue with United's position that there coverage should be reduced by a deductible and by a co-insurance penalty. The allegations as to Lyons are limited to

---

[3] In other words, facts that can be easily disproved if not true. *Id.*

the following:

> Lyons failed to exercise due care and caution under the circumstances in existence at the time of placement of the Commercial Policy, which lack of due care has resulted in imposition of the co-insurance penalty being asserted by United.

Plaintiffs' petition ¶ 17.

Defendants contend that there is no possibility of recovery against Lyons because Plaintiffs claims are barred by La.R.S. 9:5606. This statute provides, in pertinent part:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee . . . shall be brought unless filed . . . within one year from the date of the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
> . . . .
>
> D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Stephen K. Lyons' affidavit indicates that the commercial property insurance policy at issue here was issued in July, 2002. The policy was renewed thereafter, without any changes in coverage, July 15, 2006.

Under these circumstances this court concludes that Plaintifsf have no possibility of recovery against Lyons because Plaintiffs' claims against Lyons are barred by peremption pursuant to La.R.S. 9:5606. Assuming that there is a possibility that Lyons breached a duty owed to Plaintiffs as alleged, the issue here is whether that duty was breached within three years before suit was filed. Louisiana courts have consistently rejected the argument that mere policy renewals constitute a continuing tort or a separate tort in actions against insurance agents for

4

breach of duties owed to their clients.

For example, in *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179 (La.App. 5 Cir. 2004) the plaintiffs purchased homeowners insurance in 1995. They asked for supplemental coverage for jewelry and silverware. In 2002 plaintiffs' home was burglarized and the jewelry and silverware were stolen. Shortly thereafter plaintiffs discovered that their agent had not, as requested, obtained supplemental coverage for the jewelry and silverware. They sued their agent. When the agent raised R.S. 9:5606 as a defense plaintiffs argued that each time the policy was renewed there was either a continuing tort or a new tort. The court rejected plaintiffs' argument noting that after the issuance of the original policy, there was no occasion for the agent to misrepresent the coverage. Id. at 1183.

In *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So.2d 377 (La.App.1 Cir. 2003), *writ denied*, 845 So.2d 1057 (2003), plaintiffs sued their agent claiming that he was negligent in advising them that they did not need UM coverage under a personal umbrella policy. Based on the agent's recommendation a rejection of UM coverage under the umbrella policy was last signed in 1994 Suit against the agent was filed in 1998. In an attempt to avoid the effects of R.S. 9:5606 plaintiffs argued that each time the policy was renewed there was either a new and distinct tort or a continuing tort. The court rejected plaintiffs arguments. It held that the continuing tort doctrine was a "suspensive principle" and as such did not prevent the running of the peremptive periods set out in R.S. 9:5606. The court also found that the mere renewal of the policy was simply a continuation of the effects of the original wrongful act and not a separate and distinct tort. The court specifically noted that the insured did not discuss her coverage with the agent subsequent to signing the UM rejection in 1994. *Cf. Sonnier v. Louisiana Farm Bureau*

5

*Mutual Ins. Co.*, 924 So.2d 419, 422 (La.Ct.App.2006) (a renewal may constitute a separate act if an insured requests specific coverage at the time of renewal).

In the present case there is no allegation that the plaintiffs contacted Lyons in the three years before the loss to discuss their coverage or that there was any act of fault on the part of Lyons within that period. The petition only alleges that "Lyons failed to exercise due care and caution under the circumstances in existence at the time of placement of the Commercial Policy. . . ." Thus, while there may be a possibility that Lyons breached a duty owed to Plaintiffs this duty would not have been breached within the three years prior to suit. Plaintiffs have cited no Louisiana cases which would suggest that there is a reasonable possibility that Louisiana courts would hold that the renewal of Plaintiffs' policies acted to restart the peremptive period of R.S. 9:5606. The federal district court cases cited by them are clearly distinguishable.

In *Southern Athletic Club, LLC v. Hanover Insurance Company*, 2006 WL 2583406 (E.D.La.) the suit was filed more than three years after the original issuance of the policy. The dispute with the insurer centered on whether the plaintiff's property was underinsured. As here both the insurer and the non-diverse agent were made defendants. The insurer removed the case to federal court taking the position that the agent had been fraudulently/improperly joined because any recovery against him was barred by the three year peremptive period established by La.R.S. 9:5606. However each year, prior to renewal, the insured had discussed the increased value of the insured's property and the limits had been increased. The court rejected the claim that the agent had been fraudulently/improperly joined concluding that there was still a reasonable possibility of recovery in that the renewals might constitute separate and independent acts of fault on the part of the agent.

The circumstances were similar in *Fidelity Homestead Association v. Hanover Insurance Company*, 2006 WL 2873562 (E.D.La.). The insured met with the agent before each renewal in order to discuss whether any changes were needed in coverage. The court rejected the argument that the claim against the agent was barred by peremption. It concluded that there was a reasonable possibility that the meeting prior to the last renewal constituted a separate and independent act of fault. In the present case the plaintiff makes no allegations that would support a conclusion that there was a separate and independent act of fault on the part of Lyons at the time the commercial property insurance policy was renewed.

For the foregoing reasons, it is recommended that Plaintiffs' motion to remand be DENIED. It is further recommended that a sua sponte summary judgment be entered dismissing all claims against Lyons with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 16th day of February, 2007.

*[signature]*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE